[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12436
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-80105-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRISTON LAVON MASON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 29, 2010)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Jerriston Lavon Mason appeals his sentence of 176 months of imprisonment for possession with intent to distribute at least five grams of crack cocaine. The district court did not clearly err by denying Mason's request for a minor-role reduction under U.S.S.G. § 3B1.2 because Mason did not meet his burden to show that he played a minor role relative to the conduct attributed to him. Accordingly, we AFFIRM.

## I. BACKGROUND

Mason was indicted for, and pleaded guilty to, one count of possession with intent to distribute at least five grams of crack cocaine, 21 U.S.C. § 841(a)(1). R1-159, 266. During a joint investigation by the Boynton Beach Police Department ("BBPD") and the Drug Enforcement Agency ("DEA") into the distribution of narcotics, law enforcement officers discovered a network of cocaine providers that sold powder and crack cocaine. Law enforcement identified several individuals, including Ronald Godfrey, Jr., who purchased large quantities of powder cocaine to cook and store as cocaine base before selling the product to local dealers. R2 at 31-32. After a search of Mason's residence revealed approximately 40 grams of cocaine, Mason told law enforcement that he purchased the crack cocaine from Godfrey. Id. at 30-31.

The probation officer first calculated a base offense level of 28 based on the guideline for 21 U.S.C. § 841(a)(1), but based on two prior felonies, Mason was sentenced as a career offender under § 4B1.1(a). Since the statutory maximum for Mason's possession with intent to distribute crack cocaine charge was 40 years, the probation officer calculated an offense level of 34 pursuant to § 4B1.1(b). The probation officer found that Mason was entitled to a two-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and an additional one-level decrease for assisting in the investigation by timely notifying the authorities of his intention to plead guilty pursuant to § 3E1.1(b). In the PSI role assessment, the probation officer did not recommend an upward or downward adjustment for Mason's role in the conspiracy. Mason's final adjusted offense level was a 31 with a criminal history category of VI, due to his career offender status, yielding a sentence range of 188 to 235 months. The statutory minimum for Mason's charge is 5 years with a maximum of 40 years.

Mason objected to the PSI and, at the sentencing hearing, requested a two-level reduction. R3 at 3. Mason argued that because he was "at the bottom of the food chain" in the conspiracy, he, unlike many of his co-conspirators, did not have any information to provide in order to receive a § 5K1.1 or Rule 35(a) reduction for substantial assistance, and that granting him a role adjustment would resolve

3

any sentencing disparities.  Id. at 3-6.  Mason acknowledged that he was only assessed with the drugs that he personally possessed.  Id. at 6.  The court stated that if Mason had been assessed with all of the drugs involved in the conspiracy, he would be a minor participant as compared to the whole conspiracy.  Id. at 7. However, the sentencing court denied the request for minor role reduction, finding that the facts did not justify a finding of minor role because "if he's only being held responsible for the amount he had, then he's not minor with respect to that aspect of the conspiracy."  Id.  The court then sentenced Mason to 176 months' imprisonment and 4 years of supervised release.  Id. at 12.

## II.  DISCUSSION

On appeal, Mason argues that the district court clearly erred in denying him a two-level mitigating role reduction because he was a minor participant in an overall conspiracy.  Specifically, Mason argues that compared to his nine identifiable co-defendants, who were involved in an overall criminal scheme involving importing and distributing narcotics over the course of six months, Mason himself was responsible for only one transaction during the course of the conspiracy, making him less culpable than the average participant.

A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error.  United States v.

4

Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a mitigating role reduction. Id. at 939. The sentencing guidelines provide for a two-level reduction for a minor participant, which is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, and comment. (n.5). The district court applies a two-part analysis to determine whether to award a downward adjustment, first assessing the defendant's role in the criminal activity and then comparing the defendant's conduct to that of his cohorts. De Varon, 175 F.3d at 940-41, 944. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant a downward adjustment for minor role in the offense." Id. at 944.

The district court did not clearly err in denying Mason's request for a two-level mitigating role reduction. Mason did not argue that he played a minor role in the offense for which he pleaded guilty, possession with intent to distribute at least five grams of crack cocaine. Instead, Mason accepted responsibility for the amount of drugs in his possession and argued only that compared to other individuals involved in the larger conspiracy, he was less culpable. The sentencing

5

court made a factual finding that Mason was not entitled to a minor role reduction because he was not assessed with the amount of drugs involved in the whole conspiracy, but rather was only held accountable for the amount of drugs that he actually possessed. R3 at 4-5, 7. We allow a mitigating role reduction only for a defendant who proves by a preponderance of the evidence that he played a minor role in the conduct that is actually attributed to him. De Varon, 175 F.3d at 944. Mason failed to meet his burden of proof for the first part of the De Varon analysis since he was not held accountable for offenses or amounts of drugs in the larger conspiracy. 175 F.3d at 940-41. Thus, Mason was not entitled to a minor role adjustment, and the court did not clearly err in denying his request.

### III. CONCLUSION

Because Mason failed to meet his burden of demonstrating that he played a minor role relative to the conduct attributed to him, we hold the district court did not clearly err by denying his request for a minor-role reduction pursuant to U.S.S.G. § 3B1.2. Accordingly, we **AFFIRM**.